UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EUGENE TROXELL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:19-CV-620 RLM |
| | ) | (Arising out of 3:17-CR-87 RLM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Eugene Troxell pleaded guilty to unlawful possession of firearms after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of 86 months' imprisonment, a sentence within the applicable Guidelines range and well below the ten-year statutory maximum. He expressly waived the right to challenge his conviction and sentence on appeal or in post-conviction proceedings in his plea agreement. Mr. Troxell is now before the court requesting that his conviction and sentence be vacated under 28 U.S.C. § 2255 [Doc. No. 39], in light of the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). For the reasons that follow, the court denies his motion.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and

> the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings. The court has reviewed Mr. Troxell's motion and supporting memorandum and finds that his arguments aren't supported by the facts or the law in this case and can be resolved without a hearing. See Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (evidentiary hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"); Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006); Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001).

A plea agreement containing a waiver of the right to appeal and to file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005). Mr. Troxell alleges none of those things, but says his conviction must be vacated pursuant to Rehaif v. United States,139 S.Ct. 2191 (2019),

because the Government didn't provide the court with prior court records establishing that he'd been notified that his prior felony convictions "prohibited [him] from ever possessing a firearm."

The record in this case clearly shows that Mr. Troxell knowingly and voluntarily waived the right to contest his conviction and sentence in his plea agreement, with one exception not applicable here – a claim of ineffective assistance of counsel. His waiver must be enforced, unless Mr. Troxell's claim falls within one of the recognized exceptions. *See* Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

28 U.S.C § 2255(f)(3), the statute upon which Mr. Troxell presumably relies, doesn't create an exception based upon a change in the law. *See* United States v. Vela, 740 F.3d 1150, 1152-54 (7th Cir. 2014); United States v. McGraw, 571 F.3d 624 (7th cir. 2009); United States v. Bownes, 405 F.3d 634 (7th Cir. 2005). It simply identifies the events that start the clock running on a § 2255 motion.

Rehaif provides no relief in this case, even if an exception to Mr. Troxell's waiver of the right to challenge his conviction applied. The Supreme Court held in Rehaif that: "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. It didn't announce a new rule of constitutional law, but simply resolved a question of statutory interpretation, *see*

Khamisi-El v. United States, __ Fed.Appx. __, 2020 WL 398520, at * 4 (6th Cir. Jan. 23, 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019), and it made no findings about retroactivity.

The question in Rehaif was whether the Government needed to prove that the defendant knew he was unlawfully in the United States (one of the nine categories of individuals prohibited from possessing a firearm or ammunition under 18 U.S.C. 922(g). The Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue [in Rehaif]." Rehaif v. United States,139 S.Ct. at 2200.

To the extent Rehaif recognized a new statutory rule that might apply retroactively to cases on collateral review absent an appeal waiver, it doesn't require the Government to prove that Mr. Troxell knew felons were prohibited from possessing firearms. *See* Bryan v. United States, 524 U.S. 184, 192 ("the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense"); Boyce Motor Lines v. United States, 342 U.S. 337, 345 (1952) ("the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished form knowledge of the law."); United States v. Stein, 712 F.3d 1038, 1041 (7th Cir. 2013) ("[T]he word 'knowingly' made applicable to § 922(g) by § 924(a)(2) requires knowledge of the factual elements of the offense and nothing more."); United States v. Wilson, 159 F.3d 280, 289 (7th Cir. 1998) ("[T]he fact

4

that [the defendant] did not know about the statute does not mean that he could not have committed a 'knowing' violation of it….").

Mr. Troxell acknowledged in his plea agreement and during the change of plea hearing that he knew he possessed a firearm and that he knew he was a convicted felon when he possessed it – one of "the relevant categor[ies] of persons barred from possessing a firearm" under 18 U.S.C. § 922(g) – conclusively establishing the facts necessary to prove a violation of 18 U.S.C. 922(g)(1). Rehaif requires nothing more.

Accordingly, Mr. Troxell's motion to vacate his conviction and sentence [Doc. No. 39] is DISMISSED.

SO ORDERED.

ENTERED:   April 9, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   E. Troxell
      AUSA M. Donnelly